**Jason A. Wrubleski**, OR #OSB #120524
Email: jwrubleski@schwabe.com
**Elizabeth A. Graves,** OSB #193644
Email: egraves@schwabe.com
**Scott D. Eads**, OSB #OSB #910400
Email: seads@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **USNR, LLC**, a Delaware Limited Liability Company, | NO. 3:24-CV-00865-IM |
| Plaintiff / Counter-Defendant, | **USNR, LLC'S RESPONSE IN OPPOSITION TO AMERICAN WOOD DRYERS' MOTION TO STAY CASE PENDING *EX PARTE* REEXAMINATIONS** |
| vs. | |
| **AMERICAN WOOD DRYERS, LLC**, a Delaware Limited Liability Company, | **ORAL ARGUMENT REQUESTED** |
| Defendant / Counter-Plaintiff. | |

USNR'S OPPOSITION TO AMERICAN WOOD
DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................... 1

II.     STATEMENT OF FACTS ...................................................................... 2

III.    LEGAL STANDARD............................................................................... 5

IV.     ARGUMENT ........................................................................................... 7

        A.    Granting the multi-year stay sought by AWD would prejudice
             USNR and award AWD unwarranted advantages. ................................... 7

        B.    Any alleged simplification of issues is speculative at best, and in
             any event undercut by the numerous claims and defenses that will
             not be resolved in the reexaminations....................................................... 10

        C.    The stage of this litigation does not counsel a stay.................................. 13

V.      CONCLUSION........................................................................................ 15

USNR'S OPPOSITION TO AMERICAN WOOD
DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADA Sols., Inc. v. Engineered Plastics, Inc.*,
  826 F. Supp. 2d 348 (D. Mass. 2011) ...............................................................................7, 14

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
  2011 WL 3267768 (N.D. Cal. July 28, 2011).................................................................7, 9, 12

*Brite-Strike Techs., Inc. v. E. Mishan & Sons, Inc.*,
  235 F. Supp. 3d 323 (D. Mass. 2017) ..................................................................................9

*C&M Oilfield Rentals, LLC v. Ensign US Southern Drilling LLC*,
  2023 U.S. Dist. LEXIS 230020 (S.D. Tex. Dec. 28, 2023)................................................11, 15

*Cooper Notification, Inc. v. Twitter, Inc.*,
  2010 U.S. Dist. Lexis 131385 (D. Del. Dec. 13, 2010) ................................................................8

*Cronos Techs., LLC v. Expedia, Inc.*,
  2016 U.S. Dist. LEXIS 35751 (D. Del. Mar. 21, 2016) ...................................................5, 6, 15

*Esco Corp. v. Berkeley Forge and Tool, Inc.*,
  2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) .........................................................................9

*Everlight Elecs. Co., Ltd. v. Nichia Corp.*,
  2013 WL 1821512 (E.D. Mich. Apr. 30, 2013)........................................................................7

*Fleming v. Cobra Elecs. Corp.*,
  2013 WL 1760273 (D. Idaho April 24, 2013) .........................................................................10

*Grober v. Mako Prods.*,
  686 F.3d 1335 (Fed. Cir. 2012).............................................................................................2

*IMAX Corp. v. In-Three, Inc.*,
  385 F. Supp. 2d 1030 (C.D. Cal. 2005) ..............................................................................6, 11

*Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.*,
  2019 WL 4266813 (C.D. Cal. June 27, 2019) ........................................................................11

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).............................................................................................................5

*Netlist, Inc. v. Smart Storage Sys., Inc.*,
  2014 WL 4145412 (N.D. Cal. Aug. 21, 2014) ..........................................................................6

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

*Network Appliance Inc. v. Sun Microsystems Inc.*,
    2008 WL 2168917 (N.D. Cal. May 23, 2008) ...................................................................10, 14

*Nidec Corp. v. LG Innotek Co., Ltd.*,
    2009 WL 3673433 (E.D. Tex Apr. 3, 2009) ................................................................... *passim*

*Norgren Automation Sol., LLC v. Phd, Inc.*,
    2015 WL 1245942 (E.D. Mich. Mar. 18, 2015) .................................................................8, 9

*Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*,
    2008 WL 5335400 (D. Del. Dec. 19, 2008)........................................................................10

*Procter & Gamble Co. v. Team Techs., Inc.*,
    2014 WL 533494 (S.D. Ohio Feb. 11, 2014)......................................................................10

*Sighting Sys. Instruments, LLC v. Prestige Law Enf't, Inc.*,
    2006 WL 2642184 (N.D. Tex. Sept. 11, 2006)...................................................................14

*Telemac Corp. v. Teledigital, Inc.*,
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) .........................................................................5, 14

*Tesco Corp. v. Weatherford Int'l, Inc.*,
    599 F. Supp. 2d 848 (S.D. Tex. 2009) ...........................................................................8, 11

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
    2013 WL 5289015 (N.D. Cal. Sept. 18, 2013) .........................................................7, 8, 10, 13

*Tric Tools, Inc. v. TT Techs., Inc.*,
    2012 WL 6087483 (N.D. Cal. Dec. 6, 2012)......................................................................13

*Tyco Fire Prods. LP v. Victaulic Co.*,
    2011 WL 4632689 (E.D. Pa. Oct. 4, 2011)........................................................................14

*Ultra Prods., Inc. v. Antec, Inc.*,
    2010 WL 1688538 (N.D. Cal. Apr. 26, 2010) .....................................................................9

*Whatley v. Nike Inc.*,
    2000 WL 370529 (D. Or. Feb. 8, 2000)..............................................................................6

*Widevine Techs., Inc. v. Verimatrix, Inc.*,
    2008 WL 4426484 (E.D. Tex. Sept. 25, 2008) ...................................................................10

**Statutes**

35 U.S.C. § 102..............................................................................................................................11

35 U.S.C. § 103..............................................................................................................................11

Page iii -     USNR'S OPPOSITION TO AMERICAN WOOD
              DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

35 U.S.C. § 282.................................................................................................................8

35 U.S.C. § 315(e)(2).......................................................................................................12

**Other Authorities**

37 C.F.R. 1.552(a)............................................................................................................11

W.D. Wash. Local Patent Rule 124 ..................................................................................3

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

I.       INTRODUCTION

American Wood Dryers' ("AWD") requested stay should be denied for several reasons. *__First__*, the proposed stay would harm USNR by delaying its enforcement effort—potentially for *years*—while AWD continues to willfully infringe its presumptively valid patents.  In cases like this one between direct competitors, courts routinely find a stay would be prejudicial for this reason.  *__Second__*, AWD waited for nearly a year after USNR put it on actual notice of its infringement contentions—and until about nine months after this lawsuit was filed—before seeking to have its invalidity defenses heard in a different forum.  Courts are loath to reward such dilatory conduct when considering a stay pending concurrent USPTO proceedings.  And *__third__*, AWD's contention that a stay could simplify this case is dramatically undercut by the fact that it has *not even challenged* a substantial number of USNR's asserted patent claims, meaning that those claims will necessarily have to be litigated in this Court, either now or years from now after the reexamination process is completed.  And even for the claims AWD has challenged, *nearly 90%* of *ex parte* reexaminations conclude with one or more claims being confirmed valid, which must also then be returned to this Court.  Altogether, AWD's requested stay would merely delay this Court's consideration of at least a substantial portion of USNR's infringement case, further prejudicing USNR by incurring a substantial risk of lost evidence and faded memories.

While courts overwhelmingly decline to grant stay requests on the facts present here, AWD attempts to muddy the issues by citing liberally to opinions entering stays for *inter partes* reviews ("IPRs"), a different kind of patent office proceeding not at issue here.  Courts are far more likely to stay patent suits pending concurrent IPR proceedings than for *ex parte* reexaminations like AWD's, for a variety of reasons.  To name just one example, IPRs are governed by a powerful statutory estoppel that bars parties from relitigating validity issues that were, *or could have been*, litigated in the IPR.  In the absence of such an estoppel, even if the Patent Office rejects AWD's arguments in the *ex parte* reexaminations, AWD may still be

Page 1 -     USNR'S OPPOSITION TO AMERICAN WOOD
             DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

permitted to take a "second bite at the apple" in this Court after the USPTO proceedings are concluded, potentially even re-litigating the same invalidity theories advanced in the reexamination.

In view of all of the above, the odds that AWD's *ex parte* reexaminations could meaningfully streamline the issues in this case are essentially non-existent.  Instead of welcoming the clarity that a trial of USNR's claims could bring, AWD seeks to perpetuate delay and the resulting uncertainty it will create in the marketplace.  Because the balance of harms tilts decisively against the relief sought by AWD, USNR respectfully submits that AWD's motion to stay this case should be denied.

## II.    STATEMENT OF FACTS

The parties' dispute has been ongoing for nearly a year.  USNR put AWD on notice of its specific infringement contentions in a letter dated April 11, 2024.  (Ex. 1.)[1]  USNR later filed this lawsuit on May 29, 2024 (ECF 1), and provided a courtesy copy to AWD the same day. (Ex. 2.)  USNR's Complaint asserted infringement of four USNR patents, which include claims directed to certain novel designs for unidirectional lumber-drying kilns; claims directed to methods of using those novel kilns; and claims directed to methods of converting older-model kilns into those novel kilns.

AWD's Motion suggests that USNR is only asserting one claim of each patent in this case (Mot. at 4),[2] which is incorrect.  Per common practice in patent cases, USNR's Complaint included claim charts mapping one exemplary claim of each patent to AWD's accused kilns, showing how those kilns incorporate USNR's novel designs.  (*See* ECF 1-7 through ECF 1-10; *cf. Grober v. Mako Prods.*, 686 F.3d 1335, 1344 (Fed. Cir. 2012) ("[A] patent is infringed if a

---

[1] References herein to "Ex. ___" are to exhibits to the Declaration of Jason A. Wrubleski filed concurrently herewith.

[2] Page citations to documents filed with the Court are to the pagination reflected in the blue ECF header, and not to any internal or footer pagination.  References to "Mot." are to AWD's instant Motion to stay (ECF 39).

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

single claim is infringed.").)  Similar to AWD's own infringement counterclaim, USNR's

Complaint expressly states that these charts are provided "[f]or example and without limitation."

(ECF 1 at ¶¶ 27, 35, 43, 51; *compare* ECF 15 at ¶¶ 4-6, 18, 20, 60, 65, 67 (AWD consistently

alleging that USNR infringes "at least" claim 10 of AWD's patent); *id.* at ¶ 16 (describing claim

10 as "exemplary")).)  By the parties' agreement, USNR will later be required to detail which

additional patent claims are asserted and how each is infringed.  (*See* ECF 30 at 17 (parties' joint

status report citing to W.D. Wash. Local Patent Rule 124).)[3]

Notwithstanding, USNR's Complaint expressly alleges that "AWD also infringes… other

claims in the USNR Patents-in-Suit, including… claims directed to methods of converting

conventional kilns into unidirectional, multi-path kilns."  (ECF 1 at ¶ 21.)  These "method of

conversion" claims substantially overlap with USNR's other asserted patent claims.  For

example, claim 16 of USNR's '328 Patent recites:

> 16.    A method for converting an existing kiln to a unidirectional multi-path kiln that includes an elongated enclosure with opposite first and second ends, a first chamber, a second chamber adjoining the first chamber, a charge entry with one or more charge entry portals at the first end, a charge exit with one or more charge exit portals at the second end, a longitudinal axis that extends through said ends and defines generally opposite first and second sides of the existing kiln, a heat source operatively coupled to the second chamber, and one or more fans positioned to circulate air in the first chamber in a direction that is transverse to the longitudinal axis, the method comprising:
>
> operatively coupling a transport system with the elongated enclosure, wherein the transport system is configured to advance a first lumber charge in a first direction along a first flow path that extends through the first side and to advance a second lumber charge in said first direction along a second flow path that extends through the second side, wherein the first and second flow paths are generally parallel.

(*See* ECF 1-2 at p. 19.)  Most of this claim language—set forth in blue text above—closely

tracks the '328 Patent's other claims directed to finished unidirectional kilns themselves

(*compare id.* at p. 18, claim 6), and USNR's Complaint contains considerable detail on how each

---

[3] The Local Patent Rules for the Western District of Washington are available at
https://www.wawd.uscourts.gov/sites/wawd/files/LRPatentRules-Final.pdf.

Page 3 -    USNR'S OPPOSITION TO AMERICAN WOOD
            DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

of these elements is present in AWD's completed kilns.  (*See* ECF 1-8.)  While claim 16 also

requires "operatively coupling a transport system with the elongated enclosure" to arrive at the

completed design, AWD directly advertises such infringing services on its website.  (*See* Ex. 3

(AWD's "Batch to Continuous Conversions" include "[e]xtend[ing] old kilns with preheat and

conditioning sections, ***adding hydraulic pushers*** and modifying control systems") (emphasis

added).)  Especially in view of the express allegations in USNR's Complaint (ECF 1 at ¶ 21),

there can be no serious dispute that USNR's "method of conversion" claims are at issue and

asserted in this case.

AWD answered USNR's Complaint on December 18, 2024 (ECF 15), and has not raised

any challenge to the sufficiency of USNR's pleadings.  AWD has also asserted counterclaims.

Besides the infringement claim on its own patent, AWD's counterclaims include claims for

declaratory judgment of non-infringement and invalidity that are purportedly directed to *all*

claims of USNR's asserted patents (*see id.* at ¶¶ 22-57), and not just the exemplary claims that

AWD now wrongly suggests are the only claims asserted.  (*See* Mot. at 4.)

USNR has moved to dismiss AWD's infringement claim (ECF 27), and to stay any

discovery pertaining only to that claim pending the Court's determination of its Motion to

Dismiss.  (ECF 32.)  Those motions are fully briefed.  Contrary to AWD's misleading

representations, USNR has not "moved the Court to stay any AWD discovery of USNR" (Mot.

at 5).  To the extent not objected to, USNR has answered AWD's Interrogatories, and has agreed

to produce documents in response to its requests for production.  (*E.g.* ECF 35-4, 35-5.)  As of

this filing, USNR has produced approximately 3,000 pages of documents responsive to AWD's

discovery requests.  (Wrubleski Decl. ¶ 7.)

AWD filed its requests for *ex parte* reexamination on February 25, 2025, asserting the

same three prior art references against all four of USNR's asserted patents.  (Exs. 4-7.)  In its

requests, AWD challenges only claims 1-15 of USNR's '465 Patent (Ex. 4 at 2), claims 1-15 of

USNR's '328 Patent (Ex. 5 at 2), claims 1-21 of USNR's '156 Patent (Ex. 6 at 2), and claims 1-

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

15 of USNR's '020 Patent (Ex. 7 at 2). AWD has not challenged any of USNR's "method of conversion" claims, which are claims 16-30 of the '465 Patent (ECF 1-1 at 19), claims 16-22 of the '328 Patent (ECF 1-2 at 19), and claims 16-22 of the '020 Patent (ECF 1-4 at 19).[4]

Since AWD filed its Motion, the USPTO has communicated that it will institute re-examination proceedings on AWD's four petitions, as it does for nearly all submitted requests. (*See* Ex. 8 (USPTO statistics stating that 92.6% of reexamination requests are granted).) AWD has submitted those communications to the docket. (*See* ECF 42-1 through 42-4.) The Patent Office's decisions expressly state that USNR's unchallenged kiln conversion claims will ***not*** be subject to re-examination. (*See* ECF 42-1 at 13-14 ("claims 16-30 will not be reexamined" in '465 patent); ECF 42-2 at 11 (similar for '328 patent); ECF 42-4 at 12 (similar for '020 Patent).) The decisions also do not reject or otherwise state any deficiency with any of USNR's challenged patent claims. That stage of the reexamination proceedings is unlikely to commence for several more months.[5] The current average length of *ex parte* reexamination proceedings is over two years, such that the USPTO's review alone may not be completed until around April of 2027 or later. (*See* Ex. 8 (stating average reexam pendency of 25.1 months).) This does not include any appeals, which could effectively double the amount of time a stay is in place.

## III.    LEGAL STANDARD

The decision whether to stay a patent case pending *ex parte* reexamination falls within the discretion of the Court. *E.g. Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110-11 (N.D. Cal. 2006) (collecting authority). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a stay pending re-examination, Ninth Circuit courts consider the following principal factors: (1)

---

[4] The '156 patent does not contain claims directed to kiln conversion methods.

[5] *See, e.g., Cronos Techs., LLC v. Expedia, Inc.*, 2016 U.S. Dist. LEXIS 35751, at *2 (D. Del. Mar. 21, 2016) (noting decision granting reexamination request in November 2015 and first Office action rejecting claims issued five months later in March 2016).

Page 5 -    USNR'S OPPOSITION TO AMERICAN WOOD
            DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *E.g. Whatley v. Nike Inc.*, 2000 WL 370529, at \*2 (D. Or. Feb. 8, 2000); *see also Cronos Techs*, 2016 U.S. Dist. LEXIS 35751, at \*3-4 (also considering early stage of reexamination proceedings, denying stay after decision granting reexamination request and after first Office action issued). The moving party has the burden to persuade the court that a stay is appropriate. *E.g. Netlist, Inc. v. Smart Storage Sys., Inc.*, 2014 WL 4145412, at \*1 (N.D. Cal. Aug. 21, 2014).

The prejudice factor weighs heavily in determining whether to stay a case. Indeed, "if there is even a fair possibility that the stay . . . will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005), quoting *Landis,* 299 U.S. at 255. As detailed in Section IV.A below, in considering this first factor, courts have considered (i) whether the parties are competitors; (ii) the expected length of the delay that would be caused by a stay, including as affected by the early or late stage of the reexamination proceeding(s); (iii) any extended delay by the accused infringer in filing its reexamination request(s) after learning of patent owner's infringement allegations; (iv) any harm to the patent owner during the delay period that cannot be remedied by monetary relief alone, such as loss of market share or reputational harm; (v) the presumption of validity to which all patents issued by the U.S. Patent Office are entitled; and (vi) any dilatory aspects of the accused infringer's conduct in relation to the motion.

As detailed in Section IV.B below, with respect to the simplification of issues factor, courts have considered: (i) the speculative nature of the eventual reexamination decision; (ii) whether validity challenges would be left unresolved in the reexamination, such as where the accused infringer seeks or obtains reexamination of fewer than all asserted claims; (iii) the existence of other claims and defenses that would remain to be litigated after a potential multi-

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

year delay; and (iv) the statistical fact that one or more claims are confirmed valid in nearly 90%

of reexaminations, which must then return to district court after a multi-year delay.

## IV.    ARGUMENT

### A.    Granting the multi-year stay sought by AWD would prejudice USNR and award AWD unwarranted advantages.

The first factor—which considers whether a stay would prejudice or present a tactical

disadvantage to the nonmoving party—weighs strongly against a stay for several reasons.

Most notably, USNR and AWD are indisputably direct competitors in the market for

lumber-drying kilns, including the unidirectional kilns at issue in this case.  Indeed, USNR has

lost multiple contracts to AWD over the past several years on the basis of AWD's infringing

offers.  (*See* Declaration of Ben Whitaker ("Whitaker Decl.") submitted herewith, at ¶ 4.)[6]

"Courts have often found prejudice where, as here, the non-moving party is a direct

competitor of the movant."  *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, 2013 WL

5289015, at *3 (N.D. Cal. Sept. 18, 2013) (collecting authority, denying stay).  This is because

"a stay prevents [the patentee] from vindicating their patent rights for an extended period of

time," and "[t]his prejudice is heightened when parties to litigation are direct competitors," such

that "courts **presume** that a stay will prejudice the non-movant." *ADA Sols., Inc. v. Engineered*

*Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011) (emphasis added, denying stay), citing

*Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) (collecting

authority, denying stay); *see also Everlight Elecs. Co., Ltd. v. Nichia Corp.*, 2013 WL 1821512,

at *8 (E.D. Mich. Apr. 30, 2013) ("Courts routinely deny requests for stay during the pendency

of PTO proceedings where the parties are direct competitors.") (collecting authority, denying

stay); *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 WL 3267768, at *5

(N.D. Cal. July 28, 2011) (denying stay, noting "infringement among competitors can cause

---

[6] Because a Stipulated Protective Order has not yet been entered governing the
submission of confidential information, Mr. Whitaker's declaration is made at a high level
suitable for public filing.  USNR will provide additional detail under seal if requested and
authorized by the Court.

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

harm in the marketplace that is not compensable by readily calculable money damages"), citing *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1327-28 (Fed. Cir. 2008). "It would be prejudicial [if the accused infringer] was allowed to continue to increase its market share while simultaneously precluding plaintiff from building its market share through the enforcement of its patent rights." *Norgren Automation Sol., LLC v. Phd, Inc.*, 2015 WL 1245942, at *2 (E.D. Mich. Mar. 18, 2015) (cleaned up); *see also Tesco*, 722 F. Supp. 2d at 762 (denying stay pending reexamination which "would prejudice Tesco's right to exclusive use of technology on which it holds a [presumptively] valid patent").

This prejudice is magnified by the fact that unlike other patent office proceedings (like the IPRs that are the subject of much of AWD's case law), the *ex parte* reexaminations at issue here could delay resolution of USNR's infringement case by *several years*. *See* Ex. 8 at 2 (current average reexam pendency of 25.1 months before USPTO); *TPK Touch*, 2013 WL 5289015 at *3 (factoring in appeals, denying stay pending *ex parte* reexamination that would "potentially be delaying relief for almost five years"); *Nidec Corp. v. LG Innotek Co., Ltd.*, 2009 WL 3673433, at *3 (E.D. Tex Apr. 3, 2009) (collecting authority noting lengthy nature of *ex parte* reexamination proceedings weighs against stay); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 U.S. Dist. Lexis 131385, at *12-13 (D. Del. Dec. 13, 2010) (denying stay pending *ex parte* reexamination, noting stay "would almost certainly last many years," "rais[ing] issues with stale evidence, faded memories, and lost documents").

During this entire delay period, AWD would continue its infringement of USNR's presumptively valid patents unchecked, cutting into USNR's market share and undermining its reputation as a global innovator for the wood processing industry. *See* Whitaker Decl. ¶ 4 (USNR has lost multiple contracts to AWD's infringing products); 35 U.S.C. § 282 (patents issued by the Patent Office are "presumed valid" until otherwise adjudicated); *Tesco*, 599 F. Supp. 2d at 851 (denying stay where it would allow "competitors to infringe Tesco's patent and usurp its market share—an injury that money damages, without an injunction, cannot remedy");

Page 8 -    USNR'S OPPOSITION TO AMERICAN WOOD
            DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

*Brite-Strike Techs., Inc. v. E. Mishan & Sons, Inc.*, 235 F. Supp. 3d 323, 325-26 (D. Mass. 2017) ("Even a delay of two years could severely prejudice [patent owner] … because they are in direct competition with defendant."); *Nidec*, 2009 WL 3673433, at \*4 ("a stay will not only compound plaintiff's damages during the course of the stay, but it could also cause plaintiff irreparable injury that is not remediable by money damages") (cleaned up).

Further, "the potential for use of the reexamination process as a dilatory tactic must be considered." *Id.* at \*6. In this case, AWD waited **over 10 months** to file its reexamination requests after being notified of USNR's infringement allegations. "The later in the litigation that the reexamination request is made, the more likely it is to represent a tactical move for delay." *Avago Techs.*, 2011 WL 3267768 at \*4. Courts have found similar delays dispositive in denying stay motions, particularly in "direct competitor" lawsuits such as this one. For example, in *Norgren Automation*, the court found that where defendant "could have filed a request for reexamination some time ago" but instead "waited until after the [patent owner] brought the instant patent infringement suit," a "stay under such circumstances would cause unfair prejudice … since [the accused infringer] would be free to continue its alleged infringing conduct during the pendency of the reexamination proceeding." *Norgren*, 2015 WL 1245942 at \*2 (denying stay in competitor lawsuit); *see also Ultra Prods., Inc. v. Antec, Inc.*, 2010 WL 1688538, at \*3 (N.D. Cal. Apr. 26, 2010) (denying stay, finding delay in filing a reexamination request "raises the inference that the timing of the current request is tactically driven"); *Esco Corp. v. Berkeley Forge and Tool, Inc.*, 2009 WL 3078463, at \*3 (N.D. Cal. Sept. 28, 2009) (finding prejudice where defendant waited five months to file for reexamination and did so only after failure of settlement negotiations).

The circumstances described above provide a powerful case against AWD's requested stay. After waiting almost an entire year from receiving notice of its infringements, and nine months after the filing of this lawsuit, AWD now belatedly seeks to block enforcement of its competitor's patents for additional years to come. If granted, the stay would severely prejudice

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

USNR with respect to the ongoing irreparable harms being inflicted by AWD's continuing infringements. Conversely, AWD would be unfairly rewarded for its dilatory conduct.

      **B.**      **Any alleged simplification of issues is speculative at best, and in any event undercut by the numerous claims and defenses that will not be resolved in the reexaminations.**

The second factor examines whether a stay will simplify the issues for trial, and likewise weighs heavily against a stay in this case.

As an initial matter, AWD has ***not challenged*** a substantial portion of USNR's asserted patent claims, and the communications the USPTO has issued state unequivocally that those claims will not be reexamined. (*See* pp. 3-6, *supra*.) As discussed below, it is very unlikely that even the challenged claims will all be found invalid, but these unchallenged claims necessarily will remain to be litigated after the USPTO finishes its work, regardless of the outcome of the two instituted reexaminations. **Courts overwhelmingly decline to stay infringement litigation where, as here, there are asserted patents or patent claims that are not subject to reexamination.**[7] The Court should find that the "simplification" factor weighs against a stay for this reason alone.

---

[7] *See, e.g., Nidec*, 2009 WL 3673433 at *5 (denying stay where "there are asserted claims in this action not in reexamination"); *Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 2168917, at *4 (N.D. Cal. May 23, 2008) (denying-in-part motion to stay, noting stay on one patent "makes little sense" where not all asserted claims were being reexamined); *Fleming v. Cobra Elecs. Corp.*, 2013 WL 1760273, at *2 (D. Idaho April 24, 2013) ("[C]ourts are reluctant to grant stays when it is apparent that some of the patents at issue will survive reexamination, and the discovery on those patents will overlap with other patents still at issue in pending reexaminations."); *Widevine Techs., Inc. v. Verimatrix, Inc.*, 2008 WL 4426484, at *2 (E.D. Tex. Sept. 25, 2008) (denying stay pending IPRs because one asserted patent with related claims was not challenged); *Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*, 2008 WL 5335400, at *2 (D. Del. Dec. 19, 2008) (denying stay where "not all of the patent claims asserted by [plaintiff] have been rejected" and a second patent "is not in reexamination"); *Procter & Gamble Co. v. Team Techs., Inc.*, 2014 WL 533494, at *4-5 (S.D. Ohio Feb. 11, 2014) (denying stay pending IPRs where certain asserted patent claims were not challenged) (collecting authority); *see also TPK Touch*, 2013 WL 5289015 at *2 (only "[w]here the *ex parte* reexamination will address ***all*** of the claims at issue in the litigation" is "there some probability that the reexamination will simplify the issues") (emphasis added).

Page 10 -    USNR'S OPPOSITION TO AMERICAN WOOD
                DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

The reexamination proceedings also will not touch many other issues in this litigation, including AWD's various affirmative defenses, its own still-pending infringement claim, or AWD's invalidity theories to the extent not premised on prior art publications.[8]  (*See* ECF 15 at 8-9, 17-19.)  "[W]hen reexamination potentially will eliminate only one issue out of many, a stay is not warranted."  *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) (collecting authority declining to stay proceedings where case included claims unrelated to patents being reexamined, and where "invalidity was asserted on more grounds than prior publications and patents, the only grounds the PTO considers during reexamination").  A stay would only serve to unnecessarily delay resolution of these additional claims and defenses, likely for years.

Even as to the challenged claims themselves, it is unlikely that the *ex parte* reexamination proceedings would meaningfully simplify the issues in this case.  Indeed, in nearly **90%** of instituted reexamination proceedings, one or more of the challenged claims is confirmed to be valid.  *See* Ex. 8 at 2 (all claims cancelled in only 8% of reexams requested by third parties); *Tesco*, 599 F. Supp. 2d at 853 (even after USPTO issued office action in reexam rejecting certain claims, noting that "all allegedly infringed claims are cancelled only about 12 percent of the time," finding that "the PTO's ultimate determination on the claims is still speculative," such that simplification "factor does not weigh in favor of a stay"); *Kuen Hwa Traffic Indus. Co. v. DNA Motor, Inc.*, 2019 WL 4266813, at *2 (C.D. Cal. June 27, 2019) (because "only 12% of *ex parte* reexaminations result in claim cancellation," "it is unlikely that the reexamination would simplify the proceedings"); *C&M Oilfield Rentals, LLC v. Ensign US Southern Drilling LLC*, 2023 U.S. Dist. LEXIS 230020, at *22 (S.D. Tex. Dec. 28, 2023) ("Where a potential benefit from a stay is speculative, a stay is unwarranted.").

---

[8] While *ex parte* reexamination requests are limited to challenges on the basis of prior art patents and printed publications under 35 U.S.C. §§ 102 and 103 (*see* 37 C.F.R. 1.552(a)), AWD's declaratory judgment counterclaims allege that USNR's patents are invalid on multiple other statutory grounds that the reexams will not reach.  (*See* ECF 15 at ¶¶ 44, 48, 52, 56.)

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

In an effort to avoid these issues weighing against a stay pending reexamination, AWD's Motion leans heavily on case law concerning stays pending *inter partes* reviews (IPRs), a different kind of USPTO challenge not at issue here.  For example, AWD states that "courts routinely grant stays even before the USPTO has issued any rejections of challenged claims," and then sets forth a lengthy footnote purporting to collect authority for that proposition.  (Mot. at 8 & fn. 3.)  But literally *every case* cited in AWD's footnote concerned IPRs, not requests for *ex parte* reexamination like those at issue here.  It is unsurprising that such opinions would be issued "before the USPTO has issued any rejections of challenged claims" (an *ex parte* reexamination procedure), as the USPTO does not "reject" claims in an IPR at all.[9]

AWD's IPR cases are inapposite.  As courts widely recognize, IPRs may simplify or narrow issues in a manner that *ex parte* reexaminations cannot.  Besides being completed more quickly than *ex parte* reexaminations, IPRs are governed by broad statutory estoppel provisions which prohibit the petitioner from attempting to re-litigate, in district court, any invalidity theory that it raised or even *could have raised* in the IPR.  *See* 35 U.S.C. § 315(e)(2).  Because such theories are no longer available to the defendant/petitioner on return to district court, a portion of the court proceedings are necessarily at least streamlined following an IPR.  By contrast, *ex parte* reexaminations are not subject to a statutory estoppel, and even if its invalidity theories are rejected by the USPTO, AWD may be permitted to re-litigate those and other invalidity theories when the case returns to this Court.  Courts readily recognize the importance of this and other distinctions in determining whether to issue a stay pending concurrent USPTO proceedings. *E.g., Avago Techs.*, 2011 WL 3267768 at *5 ("*Inter partes* [reviews]—unlike *ex parte* reexaminations—are guaranteed to finally resolve at least some issues of validity…."); *Nidec Corp.*, 2009 WL 3673433 at *6 (denying stay in part "because the *ex parte* nature of the reexamination does not prevent Defendants from asserting the same issues of invalidity currently

---

[9] An IPR is an adversarial, trial-like proceeding where a division of the USTPO—the Patent Trial and Appeal Board—adjudicates a petitioner's validity challenges, and only in a final written decision issued at the end of the proceeding.

Page 12 -  USNR'S OPPOSITION TO AMERICAN WOOD
DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

before the USPTO"); *Tric Tools, Inc. v. TT Techs., Inc.*, 2012 WL 6087483, at *1 (N.D. Cal.

Dec. 6, 2012) (after *ex parte* reexamination requests were granted, denying stay because "[i]t is

not certain that the PTO's reexamination will limit or simplify the issues before the Court," and

defendant "would still be free to raise all the same invalidity contentions here once the

reexamination was concluded").

As one court concluded after discussing the relevant differences, "[t]he *ex parte*

reexamination procedure, unlike the *inter partes* procedure, takes longer, is less likely to result in

material changes in the litigation, [] addresses only certain aspects of the case," and "absent

cancellation of all of the claims… does little to simplify the issues or streamline the litigation."

*TPK Touch*, 2013 WL 5289015 at *2-3 (collecting authority).  AWD's case law entering stays

for IPR proceedings is inapposite to the facts of this case.

Any potential simplification of the issues arising from AWD's reexams is currently

entirely speculative, and will in any event leave significant infringement, validity, and other

issues to be resolved by this Court.  Especially in view of the substantial prejudice that a multi-

year delay will cause USNR, the equities tip heavily against a stay.

### C.       The stage of this litigation does not counsel a stay.

The third factor considers the stage of proceedings at the time a stay is requested.  While

AWD claims that this case is in its "infancy" (Mot. at 4), it has in fact been pending for about ten

months.  (*See* ECF 1; Ex. 2.)  Discovery is well underway, the parties have exchanged written

discovery requests and responses, AWD has produced about 1,000 pages of documents, and

USNR has produced about 3,000 pages of documents.  While a trial date has not been set, that is

because AWD did not answer USNR's Complaint for nearly seven months while the parties

attempted to settle their dispute.  (*See, e.g.,* ECF 13.)  Courts faced with similar facts have found

this factor to weigh against a stay.  *Nidec Corp.*, 2009 WL 3673433, at *19-21 (where discovery

deadline was still five months away, factor weighed against stay where "settlement negotiations

amongst the parties were ongoing for over two years before Defendants filed the request for

Page 13 -    USNR'S OPPOSITION TO AMERICAN WOOD
             DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

reexamination, and the request was filed only after the final settlement discussion ended

unsuccessfully"); *Telemac Corp.*, 450 F. Supp. 2d at 1111 (case not in early stages

notwithstanding that "eight months of the cases' pendency is attributable to the parties' mutual

decision to attempt settlement").

Moreover, even if this lawsuit is at an early stage of litigation, that fact does not weigh in

favor of staying proceedings. While "courts tend to deny stay requests when cases have

proceeded past discovery and are scheduled for trial… [t]hat does not, of course, warrant the stay

of every case in its early stages." *ADA Solutions,* 826 F. Supp. 2d 348, 352 (D. Mass. 2011)

(denying stay where "case is clearly in its early stages"). As one court has explained:

> Although the advanced nature of a case approaching trial may weigh heavily against
> granting a stay, the opposite inference—that a suit in the early stages should weigh
> heavily in favor of a stay—is not true. As a case progresses through the stages of
> litigation, the grant of a stay generally becomes more costly to the parties and to the
> court. Yet… the lesser cost of granting a stay early in the litigation process does not
> equate to a factor favoring a stay; the lower cost simply indicates the best time to grant a
> stay [if one is going to be issued] is in the early stages of litigation.

*Sighting Sys. Instruments, LLC v. Prestige Law Enf't, Inc.*, 2006 WL 2642184, at *4 (N.D. Tex.

Sept. 11, 2006) (denying stay where "discovery has not yet commenced, and a trial date is

nowhere in sight," noting "these facts do not add much weight to the defendants' request for a

stay"); *accord, e.g., Tyco Fire Prods. LP v. Victaulic Co.*, 2011 WL 4632689, at *7 & n.7 (E.D.

Pa. Oct. 4, 2011) (denying stay where "discovery is in its infancy," "[n]or has the Court set a trial

date"). Indeed, courts report that "on balance, staying a case even in its early stages pending

reexamination has not led to the just, speedy, and efficient management of the litigation, but

instead has tended to prolong it without achieving sufficient benefits in simplification to justify

the delay." *Network Appliance*, 2008 WL 2168917 at *3. Even if this case were in its "infancy,"

that fact would deserve little (if any) weight in the Court's analysis.

Finally, in assessing this factor, courts have also considered not only the stage of the

district court lawsuit, but also the stage of the reexamination proceedings. The fact that a

reexamination is still at an early stage—as all of AWD's requests indisputably are—weighs

Page 14 -    USNR'S OPPOSITION TO AMERICAN WOOD
             DRYERS' MOTION TO STAY CASE

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

against a stay. *Cronos Techs*, 2016 U.S. Dist. LEXIS 35751, at *3-4 (months after reexamination request was granted and after first Office action had issued, stay inappropriate where "reexamination proceedings are still at an early stage"). Here, any substantive action on the merits of AWD's reexamination requests is likely still months away. *See id.* at *2 (first Office action issued five months after decision to institute reexamination proceedings).

Discovery in this case is well underway; AWD's reexamination requests remain at their earliest stages owing to AWD's nearly one-year delay in submitting them; and courts in any event assign little weight to this factor when the late stage of a lawsuit does not actively counsel against staying proceedings. This factor does not weigh in favor of a stay.

## V.    CONCLUSION

USNR's "interest in avoiding prejudice by timely enforcing their patent rights, avoiding the risk of lost evidence, and the inability to remedy the harm with monetary relief weigh in favor of denying a stay." *C&M Oilfield*, 2023 U.S. Dist. LEXIS 230020 at *21. A stay is also unwarranted in this case given that AWD delayed over 10 months in filing its reexamination requests, and numerous patent claims and other issues will remain to be litigated regardless of the outcome of the reexaminations, including asserted patent claims that AWD has not even challenged. (*Supra*.) Adding in the statistical 90% likelihood that the Patent Office will confirm validity of one or more challenged claims of each of USNR's asserted patents, anyway (*e.g.* Ex. 8), the balance of harms tips decisively against a stay.

For all of the foregoing reasons, USNR respectfully submits that AWD's motion to stay this case pending completion of four *ex parte* reexaminations should be denied.

Dated:  March 20, 2025

Respectfully submitted,

By: *s/  Jason A. Wrubleski*
    Jason A. Wrubleski, OSB #120524
    Nika Aldrich, OSB #160306
    Elizabeth A. Graves, OSB #193644
    Scott D. Eads, OSB #910400

*Attorneys for Plaintiff*

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900