# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **USNR, LLC**, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>**AMERICAN WOOD DRYERS, LLC**, a Delaware limited liability company,<br><br>        Defendant. | Case No. 3:24-cv-00865-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS; OPINION ON MOTIONS TO STAY** |

Jason A. Wrubleski, Scott D. Eads, and Elizabeth A. Graves, Schwabe, Williamson & Wyatt, P.C., 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Nika Aldrich, Schwabe, Williamson & Wyatt, PC, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101. Attorneys for Plaintiff.

Cody Hoesly, Barg Singer Hoesly PC, 121 SW Morrison Street, Suite 600, Portland, OR 97204; and Blake T. Dietrich & Wasif Qureshi, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, TX 77010. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This is an action for patent infringement under 35 U.S.C. § 271. Before this Court are

three motions. First, Plaintiff USNR, LLC moves to dismiss a patent infringement counterclaim

by Defendant American Wood Dryers, LLC ("AWD") for failure to state a claim.[1] ECF 27 at 1. Second, USNR moves to stay discovery on AWD's patent infringement counterclaim pending resolution of USNR's motion to dismiss. ECF 32 at 1. Third, AWD moves to stay this case pending the reexamination of USNR's patents by the United States Patent and Trademark Office ("USPTO"). ECF 39 at 9.

Given the overlapping briefing schedule, this Court addresses these motions together. This Court held oral argument on the Parties' motions on April 17, 2025. ECF 53. After hearing the Parties' arguments, this Court denied AWD's motion to stay the case and granted USNR's motion to stay discovery. *Id.* This Court provides additional analysis on these motions in this Opinion. Finally, based on the briefs, oral argument, and record of this case, this Court grants USNR's motion to dismiss as AWD has failed to sufficiently plead three material limitations. AWD is granted leave to amend its patent infringement counterclaim.

## BACKGROUND

This action concerns the intellectual property of two competitors in the lumber kiln market. Answer, ECF 15 ¶ 1. Lumber kilns are building-sized ovens for drying lumber on an industrial scale. Complaint ("Compl."), ECF 1 ¶ 1. Plaintiff USNR holds United States Patent Numbers 9,482,465 ("the '465 patent"), 9,709,328 ("the '328 patent"), 10,203,156 ("the '156 patent"), and 11,740,020 ("the '020 patent"). *Id*. ¶¶ 14–17. These patents cover USNR's unidirectional, dual-path lumber kilns. *Id.* ¶ 11. These kilns dry multiple loads of lumber simultaneously as they travel on multiple paths in the same direction *Id.* ¶¶ 11–12. This design differs from traditional dual-path kilns, where the lumber travels in opposite directions. *Id.* ¶ 11.

---

[1] USNR withdrew its motion as to AWD's counterclaims for declaratory judgment of non-infringement. Reply, ECF 36 at 7.

Unidirectional kilns "permit a smaller footprint, lower construction costs, and lower costs of use than traditional dual-path kilns." *Id.* ¶ 12. USNR claims that Defendant AWD infringed on the '465, '328, '156, and '020 patents by producing "direct copies" of this product, the Single Pass continuous dry kiln. *Id.* ¶¶ 13, 19.

AWD holds United States Patent Number 9,927,173 ("the '173 Patent") for the Single Pass design. Counterclaims, ECF 15 ¶¶ 2–3. The Single Pass kiln design is unidirectional. *Id.* ¶ 12. The '173 Patent's background section describes the problem the Patent seeks to solve: When timber is first harvested and cut into lumber, it has a high moisture content and will shrink, warp, split, or crack as it dries. '173 Patent col. 1 ll. 12–18, ECF 15, Ex. 1. To avoid this, wood can be "seasoned," allowing the internal moisture to evaporate to the desired level. *Id.* col. 1 ll. 25–28. Traditionally, this involved air-drying the lumber by leaving it outdoors for a period of months to years. *Id.* col. 1 ll. 28–36. Lumber-drying kilns speed up this process, but still take days or months. *Id.* col. 1 ll. 51–55. Continuous kilns, however, are able to process and dry large volumes of lumber. *Id.* col. 1 ll. 57–59.

USNR filed this action in May 2024, alleging infringement by AWD of four of USNR's patents. Compl., ECF 1 ¶¶ 24–55. AWD filed its Answer and Counterclaims on December 18, 2024. ECF 15. On January 15, 2025, USNR filed a motion to dismiss the counterclaims. ECF 27. On February 18, 2025, before its motion to dismiss was fully briefed, USNR moved to stay discovery on AWD's patent infringement counterclaim. ECF 32. On March 6, 2025, before USNR's motion to stay discovery was fully briefed, AWD moved to stay the case pending the USPTO's *ex parte* reexamination of USNR's four patents at issue. ECF 39. AWD subsequently notified the Court that the USPTO granted AWD's reexamination request. ECF 42. This motion became fully briefed on April 3, 2025, and this Court held oral argument on April 17, 2025. ECF

53. This Court denied AWD's motion to stay case, granted USNR's motion to stay discovery and took USNR's motion to dismiss under advisement. *Id.*

## DISCUSSION

This Court first elaborates upon its decision to deny AWD's Motion to Stay. Next, this Court discusses its decision to grant USNR's Motion to Stay Discovery on AWD's patent infringement counterclaim. Finally, this Court determines that AWD has not adequately plead its direct and indirect infringement claims, and accordingly grants USNR's motion to dismiss. AWD is granted leave to amend its patent infringement counterclaim.

### A.  Motion to Stay Case

As stated on the record, considering all circumstances, this Court declines to stay the case.

AWD requested that this Court stay the case pending the resolution of the USPTO's *ex parte* reexamination of USNR's patents. Motion to Stay Pending Reexamination ("Mot. to Stay Case"), ECF 39 at 9.[2] The USPTO granted reexamination of USNR's four patents at issue in this case. Notice, ECF 42. USNR opposed the motion. Response in Opposition to Motion to Stay Case ("Resp. to Mot. to Stay Case"), ECF 43 at 1.

While courts have the authority to order a stay pending reexamination of a patent, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988), courts are not required to do

---

[2] AWD's filing did not actually contain a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Local Rule 7-1(b) ("Every motion must concisely state the relief sought and be stated in a separate section under the heading 'Motion.'"). Nevertheless, this Court construed AWD's filing as containing a motion. Future noncompliant filings will be rejected.

so. *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).[3] District courts in the Ninth Circuit, applying Federal Circuit law,[4] have developed three factors to determine whether to stay a case pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citations omitted). The moving party bears the burden of demonstrating that a stay is appropriate. *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

### 1. Undue Prejudice

Whether the non-moving party would suffer undue prejudice is guided by the relationship of the parties, the timing of the request for reexamination and the request for stay, and the status of the reexamination proceedings. *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508 (D. Del. 2012).

Considering these factors, USNR would be prejudiced by a stay. USNR and AWD are direct competitors in the sale of the product at issue. Counterclaims, ECF 15 ¶ 17; Declaration of Ben Whitaker, ECF 44 ¶ 4. "Where the parties are direct competitors, a stay would likely prejudice the non-movant." *Allergan Inc. v. Cayman Chem. Co.*, No. CV 07-01316, 2009 WL

---

[3] Federal Circuit law applies to "issues of substantive patent law and certain procedural issues pertaining to patent law." *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, 536 F.3d 1247, 1255 (Fed. Cir. 2008). Ninth Circuit law applies to issues that are not unique to patent law. *Id.*

[4] The ordinary test for a stay requires the movant to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). This test, by contrast, shifts the inquiry to whether a stay will prejudice the *non-moving* party, which is a somewhat more favorable standard for the movant.

8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted); *see TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218, 2013 WL 5289015, at *3 (N.D. Cal. Sept. 18, 2013); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[C]ompetititon between parties can weigh in favor of finding undue prejudice."). This is because "infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Avago Techs. Fiber IP (Sing.) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

This prejudice is compounded by the lengthy estimated duration of the reexamination proceeding. Reexamination of USNR's patents "has just begun." *Ever Win Int'l Corp.*, 902 F. Supp. 2d at 509. The average length of an *ex parte* reexamination proceeding is over two years, Ex Parte Reexamination Filing Data, ECF 45-8 at 2 (25.1 months), plus time to appeal. This factor weighs against a stay.

## 2. Simplification

Reexamination will result in the patent claims being cancelled as unpatentable, confirmed as written, or modified. *Ever Win Int'l Corp.*, 902 F. Supp. 2d at 505. Any of these outcomes creates the potential for simplification of issues for litigation "by reducing the number of claims at issue, confirming the validity of the surviving claims, or narrowing the scope of a modified claim." *Id.* at 505–06. Of course, the only way the *ex parte* reexamination would "finally resolve any issues of validity is if the PTO cancels some claims entirely," *Avago Techs.*, 2011 WL 3267768, at *5, although USNR could appeal any such determination. *See* 35 U.S.C. § 134(b). It is likely that at least some issues will remain.

Further, *ex parte* reexamination, unlike *inter partes* proceedings, does not impose estoppel upon third-party requesters. *TPK Touch Sols.*, 2013 WL 5289015, at *2. The USPTO could decide an issue one way and either USNR or AWD could argue the contrary position in

this Court. *Id.* In sum, "[t]he *ex parte* reexamination procedure, unlike the *inter partes* procedure, takes longer, is less likely to result in material changes in the litigation, and addresses only certain aspects of the case. In addition, absent cancellation of all of the claims, [AWD] will be free to re-argue invalidity before this Court following a years-long stay in favor of the PTO reexamination." *Id.* at *3 (footnote omitted).

Given these competing considerations, this factor neither favors nor disfavors a stay.

### 3. Stage of Proceedings

This factor asks "whether litigation has progressed significantly enough for a stay to be disfavored." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). AWD moved for a stay nine months after USNR filed its Complaint. Six months of the case's pendency is due to the Parties' decision to attempt early settlement. *See* ECF 7, 9, 11, 13. Discovery is now underway, but substantial work remains to be done. *See* Mot. to Stay Case, ECF 39 at 2; Resp. to Mot. to Stay Case, ECF 43 at 4. This Court has not formally set discovery deadlines or a trial date to allow time to resolve the instant motions.[5] This Court finds that this case is in an "early stage" of the proceedings. This factor weighs slightly in favor of a stay.

\*   \*   \*

As stated on the record, this Court found that, under the circumstances, the interests of justice are best served by keeping this case on track for timely adjudication. Balancing the above factors, the risk of substantial undue prejudice to USNR and the limited prospects for simplification of this case outweigh the fact that this case is in an early stage of proceedings. Accordingly, this Court denied AWD's motion to stay.

---

[5] The Parties never moved to vacate the discovery and pre-trial deadlines set in ECF 3, which have all now passed.

**B. Motion to Stay Discovery Pending Disposition of Motion to Dismiss**

As stated on the record, this Court found that a stay of discovery pertaining only to AWD's patent infringement counterclaim is appropriate.

USNR moved to stay discovery regarding AWD's counterclaim for infringement pending resolution of USNR's motion to dismiss. ECF 32 at 1. USNR's motion to dismiss is a challenge as a matter of law and did not raise factual issues that required discovery for their resolution. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-0580-AC, 2016 WL 6963039, at *5–6 (D. Or. Nov. 28, 2016). A limited stay of discovery was therefore warranted.

AWD argues that USNR should be compelled to provide discovery and pay AWD's fees. Response to Motion to Stay Discovery, ECF 37 at 9–10. This Court reminds all parties that they are obligated to comply with discovery rules. To the extent that either party is not complying, a party must file a motion to compel and seek sanctions.

**C. Motion to Dismiss**

This Court finds that AWD has not pleaded infringement, either directly—literally or under the doctrine of equivalents—or indirectly.

**1. Standards**

To survive a motion brought under Rule 12(b)(6), a counterclaim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must construe all well-pleaded material facts in the light most favorable to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

To state a claim for patent infringement, a patentee need not submit a claim chart or otherwise "plead infringement on an element-by-element basis," *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021), but the complaint must contain sufficient factual allegations to "place the alleged infringer on notice of what activity is being accused of infringement," *id.* (cleaned up). "[R]eciting the claim elements and merely concluding that the accused product has those elements" is insufficient. *Id.* at 1353. The precise level of detail required may vary, but there "must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* These facts must "plausibly suggest that the accused product meets each limitation of the asserted claim." *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 22-CV-1167, 2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023) (citation omitted).

Direct infringement occurs when a party "makes, uses, offers to sell, or sells" a patented invention "without authority." 35 U.S.C. § 271(a). Direct infringement is a prerequisite to indirect infringement under § 271(b)–(c). *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003).

Direct infringement requires the accused product to literally infringe or infringe under the doctrine of equivalents. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21, 28 (1997). Equivalence "requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007).

### 2. Failure to State a Claim

This Court provides the claim language at issue, then, in accordance with Federal Circuit precedent, determines the level of detail that AWD's allegations are required to have to allege infringement of this claim. This Court then assesses whether AWD's allegations are legally sufficient.

### a. Claim Language at Issue

AWD alleges that USNR directly and indirectly infringes claim 10 of AWD's '173 patent. Counterclaims, ECF 15 ¶¶ 4–6, 60. Claim 10 states as follows, with the limitations at issue[6] in italics:

> A single-pass lumber drying kiln, comprising:
>
> a main drying chamber;
>
> a heat source to provide heat to the main drying chamber;
>
> a pre-heating chamber connected to a receiving side of the main drying chamber, the preheating chamber *having a moisture collector* and a kiln entrance;
>
> a conditioning chamber connect to an exit of the main drying chamber, the conditioning chamber *having a moisture delivery system* and a kiln exit; and
>
> fans arranged adjacent the pre-heating chamber, conditioning chamber, and the main drying chamber, *wherein the fans adjacent the main-drying chamber and the conditioning chamber are synchronized together in a first set and the fans adjacent the pre-heating chamber are synchronized opposite*, at least some of the fans arranged to transfer heat between the main drying chamber and the pre-heating chamber.

*Id.* ¶ 16; '173 Patent col. 6 ll. 6–22, ECF 15, Ex. 1 (emphasis added).[7]

---

[6] Motion to Dismiss, ECF 27 at 3–4.

[7] AWD's kiln contains three chambers: a pre-heating chamber, a main drying chamber, and an equalizing/conditioning chamber. *Id.* col. 2 ll. 4–6.

### b. Level of Detail Required

Following the Federal Circuit's approach in *Bot M8*, this Court first determines how much detail AWD's allegations are required to have to place USNR on notice. 4 F.4th at 1353. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* Neither party briefed these factors. USNR maintains, however, that pleading each of the limitations at issue is "expressly required" to state a claim for infringement of AWD's '173 patent. Motion to Dismiss ("MTD"), ECF 27 at 8.

Unidirectional lumber kilns are not a simple technology.[8] This Court cannot conclude that these limitations are immaterial to practicing claim 10. Although AWD need not provide allegations of infringement on "an element-by-element basis," in this instance, this Court requires some factual allegations showing alignment or equivalence with at least certain claim 10 elements. *See Bot M8*, 4 F.4th at 1353.

### c. AWD's Claim 10 Allegations Lack Specificity and Plausibility

In the remainder of this Opinion, this Court determines whether AWD has provided specific factual allegations that put USNR on notice of what activity is being accused of infringement. *See id.* at 1352. In making this determination, this Court considers AWD's Counterclaims and the exhibits attached to the pleading: the '173 Patent, AWD's claim chart, and AWD's July 2024 letter to USNR's counsel. ECF 15, Exs. 1–3; *see* Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

---

[8] *Cf. Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (permitting lessened pleading standard for patents concerning simple technologies, such as a spinal brace).

USNR argues that AWD failed to allege facts demonstrating that USNR's kilns contain any "moisture collector," "moisture delivery system," or fan synchronization scheme. MTD, ECF 27 at 8. In response, AWD does not explain how its allegations plausibly suggest the presence of any of these elements, literally or under the doctrine of equivalents. *See* Resp. to MTD, ECF 31. According to AWD, it is enough that "AWD provided with its Counterclaims an infringement chart containing claim element-by-element allegations of USNR's infringement," despite no requirement to do so. *Id.* at 1, 5, 7–8.[9] Each limitation is addressed in turn.

### i. Moisture Collector

Claim 10 of the '173 patent requires a "pre-heating chamber having a moisture collector." '173 Patent col. 6 ll. 10–11, ECF 15, Ex. 1. AWD alleges USNR's infringement of this element as follows:

> USNR's UniFlow kiln has moisture collectors in the "pre-heating chamber" as referenced on USNR's website regarding moisture control and efficiency. https://www.usnr.com/en/product/uniflow kiln ("Produces lumber with less stress and a tighter moisture distribution than traditional batch processes.").

Claim Chart, ECF 15, Ex. 2 at 4.

These allegations are insufficient to plausibly allege that USNR's kilns contain moisture collectors in the pre-heating chamber. AWD does not allege, nor explain in its brief, how producing lumber with a tighter moisture distribution suggests the kiln has a "moisture collector" at all, let alone in the pre-heating chamber. USNR's statement on its website is simply a

---

[9] AWD also asks this Court not to engage in claim construction in determining whether the limitations are sufficiently plead. Resp. to MTD, ECF 31 at 5. While claim construction may be appropriate at this stage, *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 992–93 (Fed. Cir. 2024), this Court finds that claim construction to determine the meaning of "moisture collector," "moisture delivery system," and the fan synchronization scheme is not necessary for purposes of resolving the motion to dismiss. *Id.* at 994.

comment on its kilns' output, not a description of any kiln feature. This statement "do[es] not necessarily coincide with the claim language at issue," *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 22-CV-00561-JSW, 2022 WL 1556417, at *3 (N.D. Cal. May 17, 2022), and is "too vague to state a plausible claim for infringement," *LS Cloud Storage Techs.*, 2023 WL 2290291, at *4. The purpose of any lumber-drying kiln is to produce lumber with a desired moisture content. This does not mean that all such kilns have moisture collectors or an equivalent feature. AWD's claim chart thus fails to provide notice as to what comprises a "moisture collector" within USNR's kilns.

### ii. Moisture Delivery System

Claim 10 of the '173 patent requires a "conditioning chamber having a moisture delivery system." '173 Patent col. 6 ll. 13–14, ECF 15, Ex. 1. AWD alleges infringement of this element as follows:

> In terms of moisture, USNR specifically states that "the kiln's equalizing chamber allows the moisture content of the wood to equalize, achieving a low standard deviation comparable to the Counter-Flow kiln."

Claim Chart, ECF 15, Ex. 2 at 5.

AWD does not allege, or explain in its brief, how the kiln's ability to equalize the moisture content within the equalization chamber means that the kiln plausibly has a "moisture delivery system" or equivalent feature. As alleged, a "moisture delivery system" is not a kiln's only means of achieving equalization. A "typical kiln" includes some sort of "process or cycle of heating and cooling" that equalizes moisture content. '173 Patent col. 1. Ll. 51–53, ECF 15, Ex. 1. Although it is possible that the accused kilns' method of equalization is identical or equivalent to AWD's kilns, even drawing all inferences in AWD's favor, this Court cannot say that it is

plausible, especially without any explanation from AWD in its brief. As such, USNR is not put on notice of what feature of the equalizing chamber is being accused of infringement.

### iii. Fan Synchronizations Scheme

Claim 10 of the '173 patent requires "fans arranged adjacent the pre-heating chamber, conditioning chamber, and the main drying chamber, wherein the fans adjacent the main-drying chamber and the conditioning chamber are synchronized together in a first set and the fans adjacent the pre-heating chamber are synchronized opposite." '173 Patent col. 6 ll. 15–20, ECF 15, Ex. 1. AWD alleges infringement of this element as follows:

> USNR describes that the UniFlow kiln has "[v]ariable horsepower fans [which] generate even airflow through the lumber packages for optimal drying and equalizing performance." https://www.usnr.com/en/product/uniflowkiln.

Claim Chart, ECF 15, Ex. 2 at 6 (alterations in original).

AWD does not allege any kind of fan synchronization or opposite synchronization, let alone the combination of the two. Nor does AWD allege which chamber or chambers the fans are located in. From AWD's bare allegations, there is nothing to suggest that a kiln with fans generating even airflow would have a fan synchronization scheme or equivalent method. Indeed, AWD stated in its prior communications with USNR, attached to and incorporated by reference to the Counterclaims, that many other companies' kilns feature fans. ECF 15, Ex. 3 at 3–5. This claim again fails to provide USNR with notice as to what feature comprises the fan synchronization scheme within its kilns.

*   *   *

In sum, AWD's allegations do not support a plausible inference of infringement, and AWD does not provide any convincing argument as to why the challenged claim limitations are

PAGE 14 – OPINION & ORDER ON MOTION TO DISMISS & MOTIONS TO STAY

present in USNR's kilns. AWD's claims against USNR for direct and indirect infringement of the '173 Patent are therefore dismissed.

AWD has not requested leave to amend or pointed to other facts it could add in an amended complaint to overcome the deficiencies identified above. Nevertheless, given the Ninth Circuit's policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), this Court gives AWD leave to amend.

## CONCLUSION

USNR's Motion to Dismiss, ECF 27, is GRANTED. Any amended patent infringement counterclaim must be filed on or before May 14, 2025.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge