**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **USNR, LLC**, a Delaware Limited Liability Company, | Case No. 3:24-cv-00865-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| **AMERICAN WOOD DRYERS, LLC**, a Delaware Limited Liability Company, | |
| Defendant. | |

Jason A. Wrubleski, Scott D. Eads, & Elizabeth A. Graves, Schwabe, Williamson & Wyatt, P.C., 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Nika Aldrich, Schwabe, Williamson & Wyatt, PC, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101. Attorneys for Plaintiff.

Cody Hoesly, Barg Singer Hoesly PC, 121 SW Morrison Street, Suite 600, Portland, OR 97204; and Blake T. Dietrich & Wasif Qureshi, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, TX 77010. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff USNR, LLC, a supplier of wood processing equipment and technologies, is suing its competitor, Defendant American Wood Dryers, LLC, for patent infringement. Plaintiff asserts that Defendant infringes six of Plaintiff's patents related to single-pass continuous lumber

PAGE 1 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

kilns by making, selling, and constructing such kilns. Am. Complaint, ECF 84 ¶¶ 1–4, 20. Pursuant to the Western District of Washington Local Patent Rules,[1] Plaintiff served Defendant with its infringement contentions on July 11, 2025, and Defendant responded with its non-infringement and invalidity contentions on August 29, 2025. Before this Court are Defendant's Motion to Strike Portions of Plaintiff's Infringement Contentions, ECF 80, and Plaintiff's Motion to Strike Portions of Defendant's Non-Infringement and Invalidity Contentions, ECF 77. For the reasons below, Defendant's motion is granted in part and Plaintiff's motion is granted.

**STANDARDS**

The Local Patent Rules ("LPRs") that the parties have adopted "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *0912139 B.C. Ltd. v. Rampion USA Inc.*, 2019 WL 3082290, at *1 (W.D. Wash. July 15, 2019) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006)).[2] "These rules are designed to require parties to crystallize their theories of the case early in the litigation and adhere to those theories once they have been disclosed." *Id.* (citation modified). A district court has discretion to strike infringement or invalidity contentions that violate these rules. *See id.* at *4–5; *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016) ("[A] 'district court's application of its local rules is reviewed under the standard of abuse of discretion.'" (citation omitted)).

---

[1] The parties agreed that the Local Patent Rules for the Western District of Washington govern the contents of and amendments to the parties' scheduled patent disclosures and exchanges. Rule 26(f) Report, ECF 30 at 3.

[2] The parties rely on several cases from the North District of California throughout. *See, e.g.*, Mot., ECF 80 at 6–9; Opp'n, ECF 87 at 13–17. Courts in the Western District of Washington have found authority from the Northern District of California to be persuasive because of the strong similarity between the local patent rules of the Northern District of California and the local patent rules of the Western District of Washington. *See 0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *2 (W.D. Wash. July 15, 2019).

PAGE 2 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

**DISCUSSION**

Below, this Court addresses (1) Defendant's motion to strike Plaintiff's infringement contentions, (2) Plaintiff's motion to strike Defendant's non-infringement and invalidity contentions, and (3) leave for both parties to amend their contentions.

First, Defendant moves to strike three portions of Plaintiff's infringement contentions for failure to comply with LPR 120. Defendant argues that Plaintiff's indirect infringement contentions are copy-paste statements that lack the required specificity, that Plaintiff's doctrine of equivalents allegations are no more than boilerplate reservations of rights, and that the priority date ranges plaintiff provided in lieu of an exact date are routinely struck.

Second, Plaintiff moves to strike three portions of Defendant's non-infringement and invalidity contentions for failure to comply with LPR 121. Plaintiff argues that Defendant's obviousness contentions fail to specify each combination and theory that render each claim obvious in Defendant's view, that Defendant fails to explain why certain elements are absent in its noninfringement contentions, and that, in its invalidity chart, Defendant fails to specify where each element of each asserted claim is found in the prior art.

Third, Plaintiff asks this Court to deny Defendant leave to amend its non-infringement and invalidity contentions because Defendant willfully violated the local patent rules with its deficient contentions and any later amendments will be disruptive to these proceedings.

This Court grants Defendant's motion in part, grants Plaintiff's motion in full, and grants both parties leave to amend their contentions in response to this Opinion and Order. Plaintiff must provide more detailed indirect infringement contentions and specify exact priority date, but Plaintiff's doctrine of equivalents contentions are sufficient. Defendant must provide more detailed obviousness contentions, further explain its non-infringement contentions, and delineate where each element of each asserted claim is found in the prior art.

PAGE 3 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

## A.  Defendant's Motion to Strike Portions of Infringement Contentions

LPR 120 governs non-infringement and invalidity contentions. Three requirements are relevant here. First, "[f]or each claim which is alleged to have been indirectly infringed," a party must identify "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." LPR 120(d). Second, a party is required to disclose "[w]hether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Device." LPR 120(e). Third, "[f]or any patent that claims the priority of an earlier application," a party must disclose "the priority date to which each asserted claim allegedly is entitled." LPR 120(f). Defendant moves to strike portions of Plaintiff's contentions for failing to conform with these three requirements.

### 1.  Indirect Infringement

LPR 120(d) requires Plaintiff to disclose "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Courts have interpreted the parallel North District of California rule to require specifying what activities by the defendant led to what infringing behavior. *See Creagri, Inc. v. Pinnaclife Inc.*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012) (striking indirect infringement contentions where the plaintiff "fail[ed] to identify what advertisements and instructions lead to what infringing behavior"); *Xiaohua Huang v. Nephos Inc.*, No. C 18-06654 WHA, 2019 WL 2996432, at *4 (N.D. Cal. July 9, 2019), *aff'd sub nom.*, *Xiaohua Huang v. MediaTek USA, Inc.*, 815 F. App'x 521 (Fed. Cir. 2020) (striking indirect infringement contentions where they "fail to identify what materials (or any specific act by defendant for that matter) . . . allegedly led to what infringing behavior"). "In other words, boilerplate language that

PAGE 4 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

simply claims an accused infringer provided instructions on, advertised, or promoted the use of an accused product, without describing which instructions, advertisements, or promotions led to what infringing behavior, does not suffice." *Comcast Cable Comm'ns, LLC v. OpenTV, Inc.*, No. C 16-06180 WHA, 2017 WL 2630088, at *5 (N.D. Cal. June 19, 2017).

Other courts have found indirect infringement contentions were sufficient where the plaintiff identifies a specific product line that was sold to customers and contends that the indirect infringement occurs when the customer uses the technology in a specified manner. *See DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (declining to strike indirect infringement contentions); *Fairhaven Health, LLC v. Bio-Origyn, LLC*, No. 2:19-cv-01860-RAJ, 2023 WL 2044120, at *4 (W.D. Wash. Feb. 16, 2023) (declining to strike indirect infringement contentions that only specified that the plaintiff directed other entities to make, use, or sell the accused device).

Plaintiff contends that Defendant induces its customers to infringe by Defendant either providing the accused kilns, instructing customers in the use of the accused kilns, or causing others to instruct customers in the use of the accused kilns. *E.g.*, Infringement Contentions, ECF 82-1 at 3. Defendant argues that Plaintiff's indirect infringement claims are too vague and do not disclose what acts led to what infringing behavior.[3]

Plaintiff's broad statements do little more than recite boilerplate language that many courts have found to be insufficient. *See e.g., Creagri, Inc.*, 2012 WL 5389775, at *5. Many of the statements that Plaintiff cites from Defendant's website and sales contracts do not detail how Defendant induces its customers to infringe but merely explain how the kilns operate. *See*

---

[3] In its Motion, Defendant also cites Plaintiff's reservation that it "may rely on additional or different evidence to support its contentions as set forth herein." Mot., ECF 80 at 5. Defendant does not move to strike this language. Therefore, this Court does not address that reservation.

PAGE 5 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

Infringement Contentions, ECF 82-1 at 13, 15, 25, 27; Opp'n, ECF 87 at 5 & n.6 (citing where Plaintiff's infringement contentions identify Defendant's statements on its website and in its sales contracts). Plaintiff must do more than assert that Defendant induces its customers to infringe by providing the infringing equipment. Plaintiff must point to the specific acts Defendant has done or statements Defendant has made that support indirect infringement. Plaintiff cannot assert boilerplate contentions if it does not have evidence of indirect infringement. If Plaintiff currently lacks supporting evidence but later discovers such evidence, it can then move for leave to amend its infringement contentions based upon the newly discovered evidence. But Plaintiff cannot rely on broad, unspecified allegations for its indirect infringement claim. Accordingly, Plaintiff's indirect infringement contentions are struck.

### 2. Doctrine of Equivalents

LPR 120(e) requires Plaintiff to state "[w]hether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents[4] in the Accused Device." "Plaintiff may not simply repeat the same boilerplate language for each of its contentions, noting in the alternative that this element infringes directly or under the doctrine of equivalents." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) (citation modified). But, where a plaintiff lists what components do not literally infringe, that satisfies LPR 120(e). *MacNeil Auto. Prods. Ltd. v. Yita, LLC*, No. C20-0278 TSZ, 2022 WL 20726206, at *1 (W.D. Wash. Sept. 19, 2022) (denying motion to strike

---

[4] "Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is "equivalence" between the elements of the accused product or process and the claimed elements of the patented invention.'" *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 119 F.4th 1355, 1370 (Fed. Cir. 2024) (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

infringement contention that a specified limitation reveals only insubstantial differences from this exact claim language).

First, Plaintiff "contends that each element of each asserted claim is literally present," Infringement Contentions, ECF 82-1 at 8, but Plaintiff also reserves the right to assert that an element is present under the doctrine of equivalents if it is found that any element is not literally present. *Id.* Defendant argues that this reservation of rights must be struck as boilerplate. Mot., ECF 80 at 6–8. Plaintiff argues that this reservation of right only extends to Plaintiff's right to amend its contentions with leave of the court and does not allow Plaintiff to argue undisclosed theories under the doctrine of equivalents. Opp'n, ECF 87 at 17–18.

Plaintiff's reservation of rights, which only acknowledges Plaintiff's right to move for leave to amend its infringement contentions, is "unproblematic" and does not violate the local patent rules. *See 0912139 B.C. Ltd*, 2019 WL 3082290, at *3 (declining to strike reservations of right in invalidity contentions under LPR 121). The parties agree that Plaintiff's contention is a "reservation of a right to amend [Plaintiff]'s contentions with leave of the court on an appropriate showing of good cause." Opp'n, ECF 87 at 17. Because the contention is no more than a reservation of right, this Court declines to strike this language from Plaintiff's infringement contentions.

Second, Plaintiff contends that for claims 4 and 17 of the '465 patent and claims 4, 8, and 9 of the '156 patent, "[t]he hinged insulating members . . .  are doors or the equivalents thereof, and the overhead insulating members . . . are curtains or the equivalents thereof." Infringement Contentions, ECF 82-1 at 39, 47, 91, 93, 96. Defendant argues that these statements are "generic placeholders." Mot., ECF 80 at 11. This Court disagrees. Plaintiff is not simply repeating the same boilerplate language for each of its contentions. That distinguishes Plaintiff's contentions

from other cases where the court struck the same boilerplate language for each of its contentions. *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647-YGR(JSC), 2015 WL 335842, at *6 (N.D. Cal. Jan. 26, 2015) (striking the same boilerplate doctrine of equivalents language included for *each* contention). In short, Plaintiff's specificity that the doctrine of equivalents applies to the hinged and overhead insulating members is sufficient. This Court declines to strike Plaintiff's doctrine of equivalents contentions.

### 3. Priority Dates

LPR 120(f) requires Plaintiff to state, "[f]or any patent that claims the priority of an earlier application, the priority date to which each asserted claim allegedly is entitled." This rule requires Plaintiff to state a particular date, not a start date, end date, or date range. *See Blue Spike, LLC*, 2015 WL 335842, at *7 (striking "no later than" from a plaintiff's open-ended priority date in infringement contentions under the Northern District of California's Local Patent Rule 3-1(f), which is identical to LPR 120(f)). This disclosure is "concerned only with identifying the date of the *patent application* to which there is a claim of priority." *AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc.*, No. 20-cv-08624-JST (VKD), 2024 WL 1182929, at *4 (N.D. Cal. Mar. 18, 2024) (interpreting Rule 3-1(f)).

Plaintiff contends that all asserted claims are entitled to a priority date no later than March 15, 2013, and that some specified claims are entitled to a priority date no later than May 28, 2012 based on the invention thereof. Infringement Contentions, ECF 82-1 at 8. Plaintiff also contends that all asserted claims are entitled to priority dates between June 22, 2011 and March 15, 2013. *Id.* Defendant argues that these dates are not sufficient because they disclose end dates and date ranges, but do not state a particular date. Mot., ECF 80 at 12–15. Plaintiff responds that Plaintiff may state priority claims in the alternative and that it is not required to identify only the date of the patent application, not the date of conception. Opp'n, ECF 87 at 19–21.

PAGE 8 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

Defendant is correct that the "no later than" language must be stricken because it does not identify a particular date. *See BlueSpike, LLC*, 2015 WL 335842, at *7. Plaintiff is correct that only patent application dates are required, *see AbCellera Biologics Inc.*, 2024 WL 1182929, at *4, and Defendant does not dispute that Plaintiff may plead priority dates in the alternative. *See* Reply, ECF 95 at 12. Plaintiff must disclose the date of the patent application for any patent that claims the priority of an earlier application. Plaintiff may assert those dates in the alternative. Plaintiff need not disclose its conception dates because disclosure of those dates is not required under LPR 120(f).[5] In any amended contentions, Plaintiff cannot rely on date ranges or qualify application dates by including "no later than" language.

## B. Plaintiff's Motion to Strike Portions of Non-Infringement and Invalidity Contentions

LPR 121 governs non-infringement and invalidity contentions. Three requirements are relevant here. First, "[i]f a combination of items of prior art makes a claim obvious, each such combination must be identified." LPR 121(c). Second, a party must state "whether the party admits that the element is present . . . or contends that it is absent" in a chart for each asserted claim. LPR 121(a). "If the party contends that an element is absent . . . , it shall set forth in detail the basis for that contention." *Id.* Third, a party must identify in a chart "where specifically in each alleged item of prior art each element of each Asserted Claim is found." LPR 121(d). Plaintiff moves to strike portions of Defendant's contentions for failing to conform with these three requirements. Plaintiff highlighted the objected to portions of Defendant's contentions in pink, yellow, and red respectively. *See, e.g.*, Invalidity Contentions, ECF 78-1, at 16, 59, 96.

---

[5] Because this Court finds that Plaintiff need not disclose the conception dates, this Court does not address the parties' arguments that identifying such dates would be unduly burdensome under Federal Rule of Civil Procedure 26.

PAGE 9 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

### 1. Obviousness Combinations

If Defendant contends that "a combination of items of prior art makes a claim obvious," Defendant must identify "each such combination." LPR 121(c). Defendant need not "spell out in exact detail in every particular combination it intends to assert." *0912139 B.C. Ltd.*, 2019 WL 3082290, at *6 (citation omitted). To the extent that Defendant's "approach involves grouping of prior art, [Defendant] must explain which prior art references fall in a particular group, as well as the theory of obviousness for combinations from particular groups." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG(DMR), 2017 WL 235049, at *7 (N.D. Cal. Jan. 19, 2017); *see also Okyn Holdings, Inc. v. Hori U.S.A., Inc.*, No. 2:21-cv-04796-AB-PD, 2022 WL 2189527, at *3 (C.D. Cal. April 5, 2022) (where a defendant states "that a [person of ordinary skill in the art] would know to combine *any* one of the prior art references . . . with *any* one or more of the other listed prior art references, this type of blanket disclosure does not . . . provide adequate notice" (emphasis in original)).

Plaintiff highlighted in pink Defendant's asserted obviousness combinations and certain "catch-all" obviousness contentions. Mot., ECF 77 at 4–5. Plaintiff argues Defendant has listed the same 19 or so references for every claim of every patent and that those lists do not inform Plaintiff of Defendant's obviousness combinations or theories. *Id.* at 9–10. Plaintiff notes that these lists result in millions or tens of millions of combinations for each asserted patent claim. *Id.* Plaintiff also argues that Defendant's "catch-all" obviousness contentions must be stricken because the statements that nearly all the references may be combined with any of the others also do not inform Plaintiff of Defendant's obviousness combinations or theories. *Id.* at 7. Defendant responds that the high number of combinations is due to Plaintiff's high number of asserted claims and that courts have allowed billions of possible obviousness combinations where a defendant "reasonably specifies" the possible combinations. Opp'n, ECF 86 at 5–6 (quoting

PAGE 10 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelecs. Corp.*, No. C04-05385 JW (HRL), 2007 WL 951818, at \*4 (N.D. Cal. Mar. 28, 2007)). Defendant argues that their submission groups some of the references by common inventors and common assignees and that its rationale is included in a section which Plaintiff does not challenge. Opp'n, ECF 86 at 6–7. Plaintiff replies that Defendant organizing 9 of its 34 references into groups of 2 or 3 is distinct from the grouping permitted in prior cases, where *all* references were split into a small number of groups. Reply, ECF 93 at 6–7.

In *Avago*, the case on which Defendant relies, the court permitted the defendant to group together references that could result in billions of different possible obviousness combinations. 2007 WL 951818, at \*4. The defendant there organized the references into two groups and asserted a theory of obviousness that was the same for each and every possible combination of the two groups. *Id.* The court concluded that this approach "reasonably specifi[ed] the combination of prior art references." *Id.*

This Court agrees with Plaintiff that Defendant's grouping is insufficient. Defendant's grouping of 9 out of its 34 references is not analogous to the grouping of all the references in *Avago*. Because the defendant in *Avago* divided all its references into only two groups and asserted a single theory of obviousness for any combination of those two groups, the defendant reasonably specified its combinations. Here, Defendant has included varying combinations of groups without clearly specifying its theory of obviousness as to each combination of references. Defendant must clearly crystallize its groups and theories of obviousness, but Defendant is not limited in the number of combinations it asserts if Defendant articulates the theory of obviousness for each combination.

Defendant's catch-all contentions similarly do not explain Defendant's theory of obviousness. Defendant contends that each anticipatory prior art reference may be combined

PAGE 11 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

with any of the other anticipatory prior art references and that any difference from the prior art and the asserted claims would be obvious. Invalidity Contentions, ECF 78-1, at 16. These contentions are too broad to disclose any theory of obviousness. *see also Okyn Holdings, Inc*, 2022 WL 2189527, at *3 (striking contention that any one of the prior art references could be combined with any other because that contention failed to provide adequate notice).

Therefore, the contentions that Plaintiff has highlighted in pink must be stricken, and Defendant must clearly identify each of its obviousness combinations and the theory for each combination.

### 2. Non-Infringement Contentions

A party must state "whether the party admits that the element is present . . . or contends that it is absent" in a chart for each asserted claim. LPR 121(a). "If the party contends that an element is absent . . . , it shall set forth in detail the basis for that contention." *Id.*

Plaintiff has highlighted in yellow certain portions of Defendant's invalidity contentions where Defendant has failed to "set forth in detail the basis" for several of its contentions that an element of the asserted claims is absent from the accused devices. Mot., ECF 77 at 5. Defendant argues that Plaintiff bears the burden of proof for infringement, so Defendant does not need to do any more than note that Plaintiff has failed to identify any infringing feature. Opp'n, ECF 86 at 8–10. Even though Plaintiff bears the ultimate burden of proof for infringement, Defendant does not provide any basis for this Court to disregard LPR 121(a)'s requirement that Defendant must "set forth in detail" the basis for its contentions that elements are absent. Therefore, the contentions Plaintiff has highlighted in yellow must be stricken, and Defendant must provide the basis for its contention that the element is absent from the accused devices.

PAGE 12 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE

### 3. Prior Art Identification

Third, Defendant must identify in a chart "where specifically in each alleged item of prior art each element of each Asserted Claim is found." LPR 121(d). "Broad or general disclosures are insufficient," and Defendant cannot "merely reproduce large portions of, and figures from, the references, without stating how those excerpts disclose each element of the limitation." *0912139 B.C. Ltd.*, 2019 WL 3082290, at *6–7 (citation modified).

Plaintiff has highlighted in red certain portions of Defendant's invalidity contentions where Defendant cites to portions of prior art references without further explanation. Mot., ECF 77 at 6. Plaintiff argues that these citations are insufficient in part because Defendant has included the same broad citations for every element of Plaintiff's claims. *Id.* at 11–13. Defendant asserts that its charts sufficiently identify where each element is found in the prior art and that the redundant citations are the result of Plaintiff's overlapping claim limitations. Opp'n, ECF 86 at 10–16.

This Court agrees with Plaintiff that Defendant's unexplained repetitive citations fail to identify where specifically in each alleged item of prior art that each element of each asserted claim is found. Defendant's invalidity chart includes many specific disclosures to which Plaintiff does not object. *See* Invalidity Contentions, ECF 78-1, at 95–367. In contrast, Defendant's string citations that are repeated in most, if not all, of the limitations fail to disclose to Plaintiff what portion of which references refer to each limitation. *See 0912139 B.C. Ltd.*, 2019 WL 3082290, at *7 (striking invalidity contentions where the defendants copied and pasted "the very same portions of the references" and failed to state "how those excerpts disclose each element of the limitation"). Therefore, the contentions Plaintiff has highlighted in red must be stricken, and Defendant must state where each claim limitation may be found in the alleged prior art.

## C. Leave to Amend

Plaintiff asks this Court to deny leave to amend to Defendant as a sanction for Defendant's willful violation of the rules. Reply, ECF 93 at 12–14. "[M]otions to strike initial infringement contents are frequently treated as motions to compel amendment of the infringement contentions." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876-RS(JSC), 2017 WL 5257001, at *7 (N.D. Cal. Nov. 13, 2017) (citation modified). Although this Court grants Plaintiff's motion, this Court determines that Defendant "should be afforded an opportunity" to "clarify and streamline its invalidity contentions as the litigation progresses." *0912139 B.C. Ltd.*, 2019 WL 3082290, at *8 This case is still in its early stages, and Plaintiff will not suffer undue prejudice if Defendant is granted leave to amend. *See id.* (striking invalidity contentions with leave to amend where the case was in "relatively early stages" with trial beginning eight months away).

For those reasons, this Court grants both parties leave to amend their contentions as follows. Plaintiff's amended infringement contentions are due within 28 days of this Opinion and Order and no later than June 5, 2026. Defendant's amended invalidity and non-infringement contentions are due within 28 days of Plaintiff serving its amended infringement contentions.

## CONCLUSION

Defendant's Motion to Strike Portions of Plaintiff's Infringement Contentions, ECF 80, is GRANTED IN PART. Plaintiff's Motion to Strike Portions of Defendant's Non-Infringement and Invalidity Contentions, ECF 77, is GRANTED. Plaintiff's amended infringement contentions are due within 28 days of this Opinion and Order and no later than June 5, 2026. Defendant's amended invalidity and non-infringement contentions are due within 28 days of Plaintiff serving its amended infringement contentions. The parties are ORDERED to confer and

submit a joint status report within 14 days of this Opinion and Order addressing whether any

deadlines in this case should be extended in light of this Opinion and Order.


**IT IS SO ORDERED.**

DATED this 8th day of May, 2026.

<u>/s/ Karin J. Immergut</u>
Karin J. Immergut
United States District Judge


PAGE 15 – OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S MOTION TO STRIKE